UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HURTADO DIAZ (A-095-804-898), Petitioner, v. KRISTI NOEM, et al., Respondents. | Case No. 1:26-cv-1685 DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Ruben Hurtado Diaz, a/k/a Ruben Diaz Hurtado De La Cruz and Ruby Hurtado Diaz (A-095-804-898), a noncitizen, filed a verified for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her re-detention by U.S. Immigration and Customs Enforcement ("ICE") when she appeared at a scheduled appointment. (ECF No. 1.) Petitioner argues that the revocation of her order of supervision and re-detention by ICE violates the Immigration and Nationality Act ("INA"), regulations, and her due process rights under the Fifth Amendment. (Id. (claims one through four).) Petitioner also challenges unlawful removal to a third country. (Id. (claim five).) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every

individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION

On March 2, 2026, petitioner filed a habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) Petitioner's final order of removal to Mexico was issued in June 2013 and petitioner was also granted withholding of removal to Mexico, and released on an order of supervision. (ECF No. 1 at 2.) Petitioner was re-detained on October 3, 2025 when she appeared for a scheduled appointment at ICE on her order of supervision. (Id.)

On March 2, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in prior cases. (ECF No. 6.) The district court directed respondents to substantively address whether there are any factual or legal issues in this case that materially distinguish it from the district court's prior orders in the cases identified. (Id.) On March 4, 2026, respondents filed a return to the petition and an opposition to the motion for a temporary restraining order. (ECF No. 7.) In the opposition, respondents argued that detention was authorized because petitioner was issued a final order of removal in June 2013 and there is a likelihood of removal in the reasonably foreseeable future. (See ECF No. 7.) On March 5, 2026, petitioner filed her reply. (ECF No. 8.) Where respondents did not object to converting the motion into a motion for a preliminary injunction, the district court treated the motion as one for a preliminary injunction. (ECF No. 9.)

On March 6, 2026, the district court noted respondents' "acknowledg[ment] that the legal

analysis in the decisions from this court in Hoac v. Becerra, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025), Vuong v. Becerra, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025), and El-Ghazaly v. Chestnut, 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025) are applicable to this case." (ECF No. 9.) The district court concluded that "because Respondents are seeking to remove Petitioner to a third country, Respondents must still comply with the applicable regulations regarding re-detention to effectuate removal. (Id. (citing Hoac, 2025 WL 1993771 at *4).) The Court granted petitioner's motion and issued a preliminary injunction, ordering respondents to immediately release petitioner and enjoining and restraining respondents from "re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i)." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Where the parties submitted briefs on the merits, briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order/ preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents failed to comply with the applicable regulations regarding revocation of an order of supervision and re-detention to effectuate removal because respondents seek to remove petitioner to a third country. See Hoac, 2025 WL 1993771; Vuong, 2025 WL 3707172; El-Ghazaly v. Chestnut, 2025 WL 3485030; ECF No. 9. This Court further recommends that a permanent injunction be issued on the same terms as the preliminary injunction.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining petitioner Ruben Hurtado Diaz, a/k/a Ruben Diaz Hurtado De La Cruz and Ruby Hurtado Diaz (A-095-804-898), absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/hurt.1686.26.frs.grant